IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CENOBIO MARTINEZ SANCHEZ, | ) | |
| #265523, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:11-CV-940-TMH |
| | ) | [WO] |
| GARY HETZEL, WARDEN, *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Cenobio Sanchez on October 26, 2011.[1]  In this petition, Petitioner challenges his  convictions, pursuant to his pleas of guilty, for murder and two counts of possession of a forged instrument entered against him by the Circuit Court for Houston County, Alabama, on March 30, 2009. The trial court sentenced Petitioner on his murder conviction to forty years' imprisonment and to five years' imprisonment on each possession conviction to run concurrent to each other but consecutively to the murder conviction.

---

[1] Although the present petition was stamped "filed" in this court on November 2,  2011, the petition was signed by Petitioner on October 26, 2011.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Sanchez] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers October 26, 2011, as the date of filing.

Petitioner did not appeal his convictions. *Doc. No. 11, Exh. A*.

On September 29, 2009, Petitioner filed a Rule 32 petition in the trial court challenging only his murder conviction. He claimed that his guilty plea was unlawfully induced and involuntarily entered because: 1) he was not informed of the minimum and maximum range of punishment provided by law; 2) he was not advised of the effect of concurrent or consecutive sentences; and 3) he was not informed what effect his plea would have on his immigration status.  The trial judge over the post-conviction petition, who did not preside over Petitioner's guilty plea proceeding, directed the court reporter to transcribe both Petitioner's guilty plea and sentencing  proceedings. Subsequently, the trial court entered a notation on the case action summary sheet summarily denying Petitioner's Rule 32 petition. *Doc. No. 11, Exhs. A-E*.

Petitioner appealed the trial court's decision. He argued that his guilty plea was involuntarily entered based on a  mistaken belief he would be given a split sentence and because he received ineffective assistance of counsel where counsel misinformed him about the sentence he would receive upon entering a guilty plea.  The Alabama Court of Criminal Appeals determined that Petitioner had satisfied his burden of pleading on appeal  and remanded the case on December 3, 2010, with directions that the trial court specify the reasons for its dismissal of Petitioner's post-conviction petition. The trial court held an evidentiary hearing on February 23, 2011. Petitioner was present at the hearing with appointed counsel. On March 21, 2011, the trial court denied Petitioner's post-conviction

application.  On return to remand, the Court of Criminal Appeals, adopting the trial court's order as part of its opinion, affirmed the lower court's decision on April 15, 2011. Petitioner's application for rehearing was overruled on May 6, 2011. Petitioner did not request further review in a petition for writ of certiorari to the Alabama Supreme Court, and the Alabama Court of Criminal Appeals entered a certificate of judgment on May 25, 2011. *Doc. No. 11, Exhs. A-J.*

Petitioner filed the instant application for habeas corpus relief on October 26, 2011. He alleges that his guilty plea was not knowingly and voluntarily entered because: 1) he was under the mistaken belief that in exchange for his plea he would receive a twenty-year sentence split to serve five years; and 2) both the trial court and trial counsel failed to advise him of the effect his plea would have on his immigration status. *Doc. Nos. 1, 3.*

Respondents filed an answer to the petition under Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that Petitioner is procedurally defaulted on each of his claims for relief because he did not properly present these claims to the state courts in accordance with  applicable procedural rules and federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-46 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999);  *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989).  Specifically, Respondents maintain that Petitioner failed to present on appeal

3

of his Rule 32 petition his claim that his guilty plea was involuntarily entered because he was not informed of the effect his plea would have on his immigration status. Respondents further assert that Petitioner failed to present his claim challenging the voluntariness of his plea based on a mistaken belief he would receive a split sentence to the highest state court with jurisdiction to review the claim. *Doc. No. 11.*

Petitioner took advantage of the opportunity granted to respond to Respondents' answer. *Doc. No. 13.* After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied under Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts.*

## II. DISCUSSION

Respondents assert that Petitioner has procedurally defaulted the claims presented in his habeas corpus petition. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Claims which have never been presented to a state court or claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-

conviction action, petitioner has procedurally defaulted on his claims and is barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).  Petitioner's challenges to his convictions are defaulted due to his failure to present his claims in accordance with the state's procedural rules.

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)].  . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone

who is actually innocent.  *Id*."  *Henderson*, 353 F.3d at 892.

### A.  Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

In his Rule 32 petition, Petitioner claimed that his guilty plea was involuntarily entered because he was not informed of the effect his plea would have on his immigration status, but he abandoned the claim on appeal.  *See Doc. No. 11, Exhs. A, B*.  In his response to Respondents' answer, Petitioner explains that with "assistance through the institutional law library," *see Doc. No. 13* at 1, he filed his post-conviction petition and appeal therefrom *pro se*.  *Doc. No. 11, Exhs. A, B, D*.  Petitioner further states  he filed claims with merit but such claims were "destroyed" when counsel failed to "perfect pleadings" which may have resulted in relief for Petitioner from his convictions and sentence.  *Doc. No. 13* at 1-2.  To the extent Petitioner attempts to assert  as cause for the default of this claim that he received ineffective assistance of counsel because counsel "abandoned" the claim on appeal of the Rule 32 petition, the record is clear Petitioner filed his post-conviction appeal *pro se*.[2]  Even

---

[2]As noted, Petitioner had counsel appointed to represent him at his Rule 32 evidentiary hearing held following remand of Petitioner's post-conviction appeal.

if Petitioner could validly make this argument as cause for his default, it would be unavailing for the same reason such argument is unavailing regarding the default of his claim challenging the voluntariness of his plea based on a mistaken belief he would receive a split sentence. The default of this claim occurred because although counsel filed an application for rehearing on behalf of Petitioner, *see Doc. No. 11, Exh. H*, counsel did not seek further review with the Alabama Supreme Court by filing a petition for writ of certiorari. The law is settled, however, that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default in a federal habeas proceeding because there is no constitutional right to counsel in post-conviction proceedings. *See Coleman*, 501 U.S. at 756-57. *But see Martinez v. Ryan*, ___ U.S. ___, ___, 132 S.Ct. 1309, 1315-18 (2012) (narrowly modifying the holding in *Coleman*, 501 U.S. 722, by explaining that while a petitioner still has no independent constitutional right to post-conviction counsel, any equitable cause and prejudice allegations concerning the inadequacies of post-conviction counsel can be asserted *only* to overcome the procedural default of an ineffective assistance of trial counsel claim when the default occurred *at the Rule 32 court level*, and noting that the holding did not apply to errors made by post-conviction counsel in any other collateral proceedings, *e.g.*, post-conviction appellate proceedings, or any issue other than failure to raise an ineffective assistance of trial counsel claim).

Petitioner asserts throughout his pleadings he is unable to understand English and has relied on the aid of interpreters to assist him with his criminal and civil challenges to his convictions and sentence.[3] To the extent Petitioner alleges that a language barrier resulting from his inability to understand English constitutes sufficient cause to excuse the default of his habeas claims, courts have held that language barriers and unfamiliarity with the legal system are not external factors sufficient to excuse procedural default. *Vazquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir.1988) (*pro se* and language barrier insufficient to excuse procedural default); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) ("unfamiliarity with the English language" is not "external to [his] defense"); *Silva v. Oregon*, 2009 WL 4505445, at *6 (D. Or. Dec. 2, 2009) (inability to speak English not an "objective factor amounting to cause"); *Fabian v. Herbert*, 2003 WL 173910 at *4 (S.D.N.Y. Jan. 23, 2003) (inability to speak or comprehend English insufficient to overcome procedural bar); *see also Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir. 1997) (illiteracy insufficient to excuse default); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."); *Cornman v. Armontrout*, 959 F.2d

---

[3]Indeed, the record before the court reflects that Petitioner was given an interpreter for all hearings at which he appeared in state criminal court proceedings, the Ireland Form Petitioner executed was translated and explained to him by an interpreter prior to entry of his blind guilty plea, and he was represented by counsel at his criminal trial, during the Rule 32 evidentiary hearing, and in his application for rehearing to the Alabama Court of Criminal Appeals. *Doc. No. 11, Exhs. A, F, G, H.*

727, 729 (8th Cir. 1992) (petitioner's below-average intelligence insufficient to establish cause).

Based on the pleadings, documents, and records filed, the court finds that Petitioner's lack of English language skills is not an "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488.  Petitioner has, therefore, failed to demonstrate cause for his failure to present his claims to the state courts in compliance with applicable procedural rules.  Further, Petitioner has not shown that actual prejudice exists emanating from infringement of federal law.  This court, however, may still reach the merits of Petitioner's procedurally defaulted claims to prevent a fundamental miscarriage of justice.

## B.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not ***itself*** be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards*, 529 U.S. at 453 (emphasis in original).  Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has

probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, 513 U.S. at 321. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citations omitted). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley   v. United States*, 523 U.S. 614, 623 (1998); *House*, 547 U.S. at 538. In this context, Petitioner must show constitutional error coupled with newly discovered evidence not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup*, 513 U.S. at 324.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner does not assert that he has "new" reliable evidence of factual innocence, and nothing in the record suggests a miscarriage of justice will occur if the court does not reach the merits of his claims. Petitioner presents no evidence nor suggests that any exists which could satisfy the difficult standard in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Cenobio Sanchez be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 31, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

11

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of March, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE